## GILBERT MFG. CO. v. STROUD & CO.

(Circuit Court of Appeals, Eighth Circuit. March 2, 1923.)

No. 6073.

1. **Evidence** ⊂═⊃445(2)—**Written contract cannot be changed by parol.**

Under Rev. Code S. D. 1919, § 908, providing that "a contract in writing may be altered by a contract in writing or by an executed oral agreement and not otherwise," parol evidence is not admissible to establish that a written contract for the sale and delivery of machinery in 1920, partly executed, was changed so as to require the seller to deliver the remainder of the machinery in 1921.

2. **Principal and agent** ⊂═⊃81(4)—**Contract relating to wagons and graders held not to cover parts and repairs.**

A contract making defendant exclusive agent for sale of graders and wagons in a certain territory, which provided that defendant should receive a commission on direct sales made by plaintiff within such territory *held* not to apply to parts and repairs so sold.

In Error to the District Court of the United States for the District of South Dakota; James D. Elliott, Judge.

Action at law by Stroud & Co. against the Gilbert Manufacturing Company. Judgment for plaintiff, and defendant brings error. Affirmed.

G. N. Williamson, of Aberdeen, S. D. (Williamson, Williamson & Smith, of Aberdeen, S. D., on the brief), for plaintiff in error.

C. J. Baird, of Omaha, Neb. (William Baird and E. A. Baird, both of Omaha, Neb., on the brief), for defendant in error.

Before STONE, LEWIS, and KENYON, Circuit Judges.

STONE, Circuit Judge. December 16, 1919, the Gilbert Manufacturing Company and Stroud & Co. entered into two written contracts concerning the sale of graders and wagons. The first of these contracts was a sales contract for the purchase by the Gilbert Company of ten graders and one hundred wagons, at specified prices, to be delivered during 1920. The second was a commission contract for the exclusive agency for such graders and wagons, representing Stroud & Co., in a defined territory, during 1920. This latter contract provided that for all direct sales made by Stroud & Co. within the exclusive territory, it should pay the Gilbert Company the difference between the wholesale and retail prices. Three graders and seventy-six wagons were delivered under the sales contract. Differences arising between the parties as to amount due and payments, the parties met on December 24, 1920, seven days before the time of expiration of the above contracts, and made a written contract of settlement as follows:

"Dec. 24, 1920.

"Gilbert Mfg. Co., Aberdeen, S. D.—Gentlemen: We per agreement in settlement of the account today, covering balance due us of $9,575.89, as per the attached statement, we are inclosing note for your signature for $7,000.00, due March 1, 1921, with the understanding that, if you are not able to pay the

⊂═⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

entire amount at that time, the balance will be renewed; however, it is understood that you will pay as large an amount as possible.

"You are also to ship two machines to us, for which your charge will be $2,000.00. This leaves a balance of $575.89, which amount we will endeavor to adjust with the Lyle Company of Minneapolis.

"In regard to the machines we would suggest, unless further notified, that you hold up shipment until February 1st, and that you immediately send us such literature and advertising matter as you have on this machine to enable us to dispose of same.

"Yours very truly,                                         Stroud & Co.
"JCM. H.
"Signed by A. C. Scott, President.
"Accepted by C. E. Gilbert."

The note called for by this contract was executed and delivered. The present suit is by Stroud & Co. on the contract for return of the two graders and upon the note. The count for the return of the graders was withdrawn at the beginning of the trial. The substantial portions of the answer, involved in this writ of error, consisted of two counterclaims. The first was for damages through failure to deliver to the Gilbert Company the remaining seven graders and twenty-four wagons (covered by the sales contract) during the year 1921 in compliance with an alleged verbal agreement made at the time of the settlement contract. The second was for commissions on grader and wagon repairs and parts sold direct by Stroud & Co. in 1920 within the exclusive territory covered by the commission contract.

The court found for the plaintiff on its note and against defendant on the two above counterclaims. Defendant brings this writ of error and here challenges the rulings and findings of the court respecting these counterclaims.

[1] The basis of the rulings and findings of the court concerning the first of these counterclaims was that such counterclaim was based upon an oral agreement which would have the effect of varying or modifying an unperformed written contract and that such oral variation or modification of a written contract was prohibited by the statute of South Dakota, where the contract was made. In section 908, Revised Code of South Dakota for 1919, it is provided that "a contract in writing may be altered by a contract in writing, or by an executed oral agreement, and not otherwise." The sales contract provided for delivery during the year 1920. Obviously, a delivery during 1921 would be without that contract and an agreement to deliver, during 1921, a portion of the goods covered by the sales contract would be an alteration of that contract. As this agreement was oral and related entirely to the unexecuted portion of the sales contract and as the oral contract was, in no respect, ever executed, the above statute constitutes a bar to such oral agreement and the court was right in excluding all testimony concerning it.

[2] The basis of the rulings and findings of the court against the second of the above counterclaims was that the commissions claimed therein were not within the commission contract. The commission contract and the sales contract were correlated. Each of them, by its terms, deals with graders and wagons and with them alone. In neither contract is any reference whatsoever to parts of or repairs to

graders or wagons. We agree with the trial court, that nothing in the character of the transactions or the situation of the parties warrants a construction that graders and wagons, as used in the contract, include parts and repairs. This counterclaim was entirely for parts and repairs. Therefore the court was right in excluding recovery therefor, under the commission contract, for the reason that such parts and repairs were not within the terms of the commission contract.

. The judgment is affirmed.